**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Attorneys for 710 Long Ridge Road
Operating Company II, LLC, *et al.*,
Debtors-in-Possession

|  |  |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HONORABLE DONALD H. STECKROTH |
| 710 LONG RIDGE ROAD OPERATING COMPANY II, LLC, *et al.*,[1] | CASE NO. 13-13653 (DHS) |
|  | Chapter 11 |
| Debtors-in-Possession. | (Jointly Administered) |
|  | **DEBTORS' OBJECTION TO MOTIONS OF THE NEW ENGLAND HEALTH CARE EMPLOYEES UNION, DISTRICT 1199, SEIU AND THE NATIONAL LABOR RELATIONS BOARD FOR LEAVE TO APPEAL** |
|  | FOR TRANSMITTAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY PURSUANT TO FED. R. BANKR. P. 8003(b) |

710 Long Ridge Road Operating Company II, LLC d/b/a Long Ridge of Stamford, 240 Church Street Operating Company II, LLC d/b/a Newington Health Care Center, 1 Burr Road Operating Company II, LLC d/b/a Westport Health Care Center, 245 Orange Avenue Operating Company II, LLC d/b/a West River Health Care Center and 107 Osborne Street Operating

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: 710 Long Ridge Road Operating Company II, LLC d/b/a Long Ridge of Stamford (4809), 240 Church Street Operating Company II, LLC d/b/a Newington Health Care Center (4730), 1 Burr Road Operating Company II, LLC d/b/a Westport Health Care Center (4839), 245 Orange Avenue Operating Company II, LLC d/b/a West River Health Care Center (4716) and 107 Osborne Street Operating Company II, LLC d/b/a Danbury Health Care Center (4676).

1

Company II, LLC, d/b/a Danbury Health Care Center, the within debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., respectfully file their objection (the "**Objection**") to the motion (the "**Union Motion**") of the New England Health Care Employees Union, District 1199, SEIU [Docket No. 737] (the "**Union**"), and the motion (the "**NLRB Motion**," and together with the Union Motion shall be referred to herein collectively as, the "**Third Motion For Leave To Appeal**") of the National Labor Relations Board [Docket No. 739] (the "**NLRB**," and together with the Union shall be referred to herein collectively as, the "**Moving Parties**") pursuant to Rule 8003 of the Federal Rules of Bankruptcy Procedure for leave to appeal the United States Bankruptcy Court for the District of New Jersey's (the "**Bankruptcy Court**") fourth interim order [Docket No. 706] (the "**Fourth Interim 1113(e) Order**") entered on November 22, 2013 granting the Debtors continued relief under Section 1113(e) of title 11 of the United States Code (the "**Bankruptcy Code**").[2]

**OBJECTION**

The Debtors hereby reference and incorporate their prior objections (the "**Debtors' Prior Objections**") to the Moving Parties' prior (1) motion for leave to appeal (the "**First Motion For Leave To Appeal**") this Court's March 4, 2013 order [Docket No. 66] (the "**First Interim 1113(e) Order**"), which authorized the Debtors to implement the interim modifications to certain terms of their expired collective bargaining agreements ("**CBA**" or "**CBAs**") with the New England Health Care Employees Union, District 1199, SEIU (the "**Union**") under Section 1113(e) of the Bankruptcy Code, and April 10, 2013 order [Docket No. 230] (the "**Second**

---

[2] Although this Objection is technically "filed" in the Bankruptcy Court, the Debtors recognize that the Objection will be transferred to the United States District Court for the District of New Jersey under Fed. R. Bankr. P. 8003(b), and be subject to the Federal Rules of Civil Procedure and the District Court's local civil rules.

2

51689/0001-10142043v1

**Interim 1113(e) Order**"), which extended the Section 1113(e) relief to July 15, 2013, see Civil Case No. 2:13-cv-02977 (DMC), Docket Nos. 1, 2 and 3; and (2) motion for leave to appeal (the "**Second Motion For Leave To Appeal**") this Court's July 15, 2013 order [Docket No. 424] (the "**Third Interim 1113(e) Order**"), which extended the Section 1113(e) relief to October 11, 2013.  See Case No. 13-13653 (DHS), Docket No. 485.[3]  Likewise, the Debtors hereby reference and incorporate their prior arguments raised in the Debtors' cross-motion, see Case No. 13-13653 (DHS), Docket No. 485 (the "**Cross-Motion**"), for an Order vacating the District Court's prior order granting leave to appeal with respect to the First Interim 1113(e) Order and the Second Interim 1113(e) Order.

The Moving Parties presentment of this Third Motion For Leave To Appeal, most respectfully, is exactly what the Debtors argued was the basis for denying the Moving Parties' First Motion For Leave To Appeal and Second Motion For Leave To Appeal and now compels this Court to deny the instant motion as well as grant the Debtors' Cross-Motion and vacate the District Court's prior order granting leave to appeal.  The Moving Parties are again requesting the Court grant leave to appeal interlocutory orders of very limited duration, which, like the First, Second and Third 1113(e) Interim Orders, will expire before the merits are even considered on appeal - - a critical consideration in compelling denial of leave to appeal.  See Debtors' Prior Objections.

Further, on November 25, 2013, the Debtors advised the District Court of the October 15, 2013 decision of the United States Court of Appeals for the Second Circuit (the "**Second Circuit**") in *Jonathan B. Kreisberg vs. HealthBridge Management, LLC, et al.*, Case No. 12-4890-cv (2d Cir. 2013), attached hereto as Exhibit B (the "**Second Circuit Decision**").  The

---

[3] Copies of the Debtors' Prior Objections are attached hereto as Exhibit A.

3

crux of the NLRB's and the Union's appeal and criticism of the Bankruptcy Court, is that the Bankruptcy Court did not have the authority to grant the Debtors relief under Section 1113(e) because of the expiration of the collective bargaining agreements and the United States District Court for the District of Connecticut's (Chatigny, J.) granting of a petition under Section 10(j) (the "**10(j) Order**") of the National Labor Relations Act, which enjoined temporarily alleged unfair labor practices by the Appellees.[4]

Although the Second Circuit affirmed the United States District Court for the District of Connecticut's granting of the 10(j) Order, which is not relevant to the pending appeals before the District Court, the Second Circuit confirmed the legitimacy of the bankruptcy proceedings and rulings of the Bankruptcy Court by stating that sufficient evidence was not presented to demonstrate how HealthBridge Management, LLC would be adversely affected financially by the 10(j) Order because the terms of the expired collective bargaining agreements imposed upon the Appellees by the 10(j) Order **"may be modified as necessary by the Bankrupcty [sic] Court."** See Second Circuit Decision, 28:14 (emphasis added). Thus, the very Court of Appeals reviewing the 10(j) Order has explicitly recognized the authority of the United States Bankruptcy Court to modify the expired collective bargaining agreements subject to the 10(j) Order, which the NLRB and Union have appealed and challenged in the District Court.

---

[4] See *NLRB Brief in Support of Motion for Leave to Appeal*, 13-cv-02977, Docket No. 1-4, p. 11 ("[t]he Board contests that a bankruptcy court may grant Section 1113(e) relief . . . in the absence of a current collective bargaining agreement …"); *Union Brief in Support of Motion for Leave to Appeal*, 13-cv-02977, Docket No. 2, p. 12-14 (arguing in support of the inapplicability of Section 1113(e) to expired collective bargaining agreements); *NLRB Brief in Support of Request for Certification for Direct Appeal to the Third Circuit*, 13-cv-03247, Docket No. 10-4, p. 13 ("[o]n appeal, the Board disputes that a bankruptcy court has jurisdiction to grant Section 1113(e) relief in the absence of a current collective bargaining agreement"); *NLRB Brief in Support of Request for Certification for Direct Appeal to the Third Circuit*, 13-cv-05320, Docket No. 6-2, p. 16 ("[o]n appeal, the Board disputes that a bankruptcy court has jurisdiction to grant Section 1113(e) relief in the absence of a current collective bargaining agreement").

Based upon the foregoing and the Debtors' Prior Objections, the Debtors respectfully request that the Court grant the Cross-Motion vacating the District Court's prior order granting leave to appeal with respect to the First Interim 1113(e) Order and the Second Interim 1113(e) Order, deny the Second and Third Motions For Leave To Appeal, and lastly, deny the NLRB's and Union's requests for a direct appeal to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8001(f).

        Respectfully submitted,

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys for 710 Long Ridge Road Operating Company II, LLC, *et al.*, Debtors-in-Possession

DATED: December 19, 2013

By:    */s/ Michael D. Sirota*
      Michael D. Sirota
      Gerald H. Gline
      David M. Bass
      Ryan T. Jareck