IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
710 LONG RIDGE ROAD OPERATING                                    :   Case No. 13-13653 (DHS)
COMPANY II, LLC, *et al.*,[1]                                    :
                                                                 :
                    Debtors.                                     :
                                                                 :
---------------------------------------------------------------- x

### DECLARATION OF KATHLEEN M. LOGAN CERTIFYING VOTING ON, AND TABULATION OF, BALLOTS ACCEPTING AND REJECTING FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF 710 LONG RIDGE OPERATING COMPANY II, LLC *ET AL.*

I, Kathleen M. Logan, declare:

1.  I am the President of Logan & Company, Inc. ("Logan") and, unless otherwise indicated, have personal knowledge of the facts set forth below.[2] Headquartered in Upper Montclair, New Jersey, Logan serves as a claims, noticing, and ballot tabulating agent. During the past twenty years, Logan has acted in such capacity for more than 350 chapter 11 debtors.

### LOGAN'S RETENTION

2.  Pursuant to an order of the United States Bankruptcy Court for the District of New Jersey (the "Court"), dated February 27, 2013, the above-captioned debtors and debtors in possession (the "Debtors") retained Logan to be their claims and noticing agent. D.I. 42.

3.  Pursuant to an order of the Court, dated November 4, 2013, the Debtors retained Logan to be their administrative advisor *nunc pro tunc* to February 24, 2013,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: 710 Long Ridge Road Operating Company II, LLC d/b/a Long Ridge of Stamford (4809), 240 Church Street Operating Company II, LLC d/b/a Newington Health Care Center (4730), 1 Burr Road Operating Company II, LLC d/b/a Westport Health Care Center (4839), 245 Orange Avenue Operating Company II, LLC d/b/a West River Health Care Center (4716) and 107 Osborne Street Operating Company II, LLC d/b/a Danbury Health Care Center (4676).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Disclosure Statement Order or the Plan as hereinafter defined.

1

the commencement date of the Debtors' chapter 11 cases, to perform, *inter alia,* balloting and solicitation services. D.I. 638.

4. In its capacity as claims agent, Logan dockets and maintains the claims register of all proofs of claim filed in these chapter 11 cases. Logan accomplishes this through a proprietary database containing, among other things, information on all filed and scheduled claims and notices sent to claimants and their counsel (the "Claims Database"). To the best of my knowledge, Logan has maintained and updated the Claims Database in these chapter 11 cases in accordance with the standard procedures that it follows for all chapter 11 cases. Such procedures are typical in the industry for chapter 11 cases of this size.

## THE DISCLOSURE STATEMENT ORDER

5. On December 11, 2013, the Court granted the "Order: (A) Approving the First Amended Disclosure Statement Pursuant to 11 U.S.C. § 1125(b); (B) Fixing a Record Date for Voting and Procedures for Filing Objections to the First Amended Plan and Temporary Allowance and Disallowance of Claims for Voting Purposes; (C) Scheduling a Hearing and Approving Notice and Objection Procedures in Respect of Plan Confirmation; (D) Approving Solicitation Packages and Procedures for Distribution Thereof; and (E) Approving the Form of Ballot and Establishment of Procedures for Voting on the First Amended Plan" (the "Disclosure Statement Order"). D.I. 763.

6. In the Disclosure Statement Order, the Court, *inter alia,*

(a) set December 10, 2013, as the record date for determining the holders of claims entitled to vote on the First Amended Joint Chapter 11 Plan of Reorganization of 710 Long Ridge Road Operating Company II, LLC *et al*, dated December 10, 2013 (the "Plan"), and to receive solicitation and noticing materials (the "Voting Record Date");

(b) established January 23, 2014 at 5:00 p.m. (prevailing Eastern Time) as the deadline by which Logan must receive Ballots to accept or reject the Plan (as extended, the "Voting Deadline");[3]

(c) approved the contents of the solicitation packages for the voters and all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the ballots (the "Ballots"), the Confirmation Hearing Notice, the

---

[3] On January 27, 2014, the Debtors filed the Notice of Adjournment of Hearing on Confirmation of the First Amended Joint Plan of Reorganization of 710 Long Ridge Road Operating Company II, LLC et al., and Extending Voting Deadline, pursuant to which the Voting Deadline was extended to February 3, 2014. D.I. 881. In addition the Debtors further extended the Voting Deadline of Heartland Bank and M&T (holders of claims in Classes 2 and 3) to February 4, 2014 and February 5, 2014, respectively. In addition, the Debtors authorized M&T to transmit its Ballot by email.

Notice of Scheduled Non-Claimants, the Notice of Non-Voting Status-Impaired, the Notice of Non-Voting Status-Unimpaired, and the voting tabulation procedures;

(d) set within five business days after the entry of the Disclosure Statement Order as the date by which the Solicitation Packages (as defined below) were to be transmitted; and

(e) established on or before the seventh (7th) day after the later of (i) the date of service of the Confirmation Hearing Notice and (ii) the date of service of an objection to, or request for estimation, if any, of, a claim as the deadline for an affected claimant to file and serve a motion to allow claims temporarily for voting purposes pursuant to Bankruptcy Rule 3018 (a). Such claimant's Ballot is to be counted only if the Court entered an order temporarily allowing its claim for voting purposes at least seven days prior to the Voting Deadline *(i.e.,* initially before the Voting Deadline extension, by January 16, 2014).

## CLASSES ENTITLED TO VOTE

7. Claims in Classes 2, 3, 5, and 6 are impaired under, and their holders are entitled to vote on, the Plan (collectively, the "Voting Classes"). In accordance with the Disclosure Statement Order, on or about December 18, 2013, Logan mailed the applicable personalized Ballot with instructions, the Disclosure Statement Order without Exhibits, the Confirmation Hearing Notice, a CD containing the Disclosure Statement and all Exhibits including the Plan, an instruction letter for use of the CD, and a pre-addressed return envelope to each holder of a claim in the Voting Classes entitled to vote identified as of the Voting Record Date (the "Voting Package"). Logan caused affidavits of service evidencing such services to be filed with the Court on January 3, 2014. D.I. 798 and D.I. 799.

## CLASSES, UNCLASSIFIED CLAIMS, AND PARTIES NOT ENTITLED TO VOTE

8. Administrative Expense Claims and Priority Tax Claims are not classified under the Plan (collectively, the "Unclassified Claims"). Claims in Classes 1, 4, and 8 are unimpaired and holders of such claims are presumed to have accepted the Plan (collectively, with the holders of Unclassified Claims, the "Unimpaired Holders").

9. In accordance with the Disclosure Statement Order, on or about December 18, 2013, Logan mailed a copy of the Disclosure Statement Order without Exhibits, a Confirmation Hearing Notice, and a Notice of Non-Voting Status – Unimpaired Classes to all Unimpaired Holders (the "Non-Voting Package - Unimpaired"). Logan caused an affidavit of service evidencing such service to be filed with the Court on January 3, 2014. D.I. 802.

10. Claims in Class 7 are to receive no distribution and are, therefore, deemed to reject the Plan. In accordance with the Disclosure Statement Order, on or about December 18, 2013, Logan mailed a copy of the Disclosure Statement Order without Exhibits, a Confirmation Hearing Notice, and a Notice of Non-Voting Status – Impaired Class to all holders of Class 7 claims (the "Non-Voting Package - Impaired"). Logan caused an affidavit of service evidencing such service to be filed with the Court on January 3, 2014. D.I. 800.

11. Scheduled Non-Claimants are not entitled to vote. In accordance with the Disclosure Statement Order on or about December 18, 2013, Logan mailed a copy of the Disclosure Statement Order without Exhibits, a Confirmation Hearing Notice, and a Notice of Scheduled Non-Claimants to all parties listed in the Debtors' Schedules as disputed, contingent, or unliquidated, or in $0 or unknown amount who did not file a proof of claim therefor (the "Scheduled Non-Claimants Package"). Logan caused an affidavit of service evidencing such service to be filed with the Court on January 3, 2014. D.I. 801.

12. On or about December 18, 2013, Logan mailed the Disclosure Statement Order without Exhibits, the Confirmation Hearing Notice, and a non-personalized Ballot to all other interested parties (including persons or entities who (i) filed a proof of claim and (a) are listed on the Debtor's Schedules as having a Claim or a portion of a Claim which is disputed, unliquidated, or contingent, or which is scheduled as zero or unknown in amount or (b) were not listed on the Debtors' Schedules) (the "Disputed Claimant Package"). Logan caused an affidavit of service evidencing such service to be filed with the Court on January 3, 2014. D.I. 803.

13. Lastly, in accordance with the Disclosure Statement Order, on or about December 18, 2013, Logan mailed the United States Trustee and each of the other parties requesting notice in these cases pursuant to Bankruptcy Rule 2002, the Disclosure Statement Order without Exhibits, a CD containing the Disclosure Statement and all Exhibits including the Plan, an instruction letter for use of the CD, an exemplar of each type of Ballot with its instructions, a Confirmation Hearing Notice, a Notice of Non-Voting Status – Unimpaired, a Notice of Non-Voting Status – Impaired, and a Notice of Scheduled Non- Claimants (the "Informational Package" and with the Voting Packages, the Non-Voting Packages – Unimpaired, the Non-Voting Packages – Impaired, the Scheduled Non-Claimants Packages, and the Disputed Claimant Packages, the "Solicitation Packages"). Logan caused an affidavit of service evidencing such service to be filed with the Court on January 3, 2014. D.I. 804.

## MAILING PROCEDURES

14. In the December 18, 2013 services listed above, Logan affixed the correct postage on, and delivered to the United States Post Office for first class delivery, each of the Solicitation Packages. The United States Post Office returned some of these solicitation materials as undeliverable. To the extent the United States Post Office provided forwarding addresses, Logan re-sent the applicable solicitation materials.

## TABULATION PROCEDURES

15. In the vote tabulation for the Plan, Logan adhered to the following procedures when handling Ballots: Logan (a) opened the envelopes, (b) removed and date and time stamped each Ballot, (c) inspected the Ballots to determine compliance with the Disclosure Statement Order, (d) assigned each Ballot a sequence number ("Sequence Number"), and entered into the voting tabulation portion of the Claims Database the date received, the Sequence Number, whether the Ballots indicated an acceptance or a rejection of the Plan, and, if applicable, if the claimant elected to remain an ongoing vendor to the Debtors. In accordance with the Disclosure Statement Order, the votes of claimants who were not eligible, and those who did not elect on the Ballot, to remain ongoing vendors were tabulated as class 6 claims in their applicable subclasses.[4]

16. Upon information and belief, the Debtors filed one claims objection to the claims of the National Labor Relations Board (the "NLRB") and the New England Health Care Employees Union, District 1199, SEIU (the "Union") between the Voting Record Date and the Voting Deadline. D.I. 765. Accordingly, but for the NLRB and the Union, all holders of Claims in the Voting Classes as of the Voting Record Date were entitled to cast a Ballot accepting or rejecting the Plan.

17. Upon information and belief, the NRLB, joined by the Union, filed a motion for temporary allowance of claims for voting purposes pursuant to Bankruptcy Rule 3018(a). By a stipulation and consent order dated and entered January 15, 2014, the NLRB, but not the Union, was allowed to vote in each of the Class 6 subclasses in an amount equivalent to 34% of the creditors' total claims in each of those subclasses. D.I. 838. As the order was entered before the January 16, 2014 deadline, Logan included the NLRB Ballots as valid Ballots in this tabulation.

---

[4] By emails dated January 16, 2014 and February 4, 2014, counsel for the Debtors advised Logan that two claimants not previously identified as eligible Class 5 claimants would now be so eligible. Logan adjusted the balloting database to reflect those changes.

5

18. Logan tabulated the votes on the Plan in accordance with the terms and provisions of the tabulation rules in the Disclosure Statement Order and the Court-approved instructions on each Ballot. Logan audited the tabulation of Ballots on a daily basis in accordance with its standard practice and performed a final audit following the Voting Deadline.

## VOTE TABULATION

19. Pursuant to sections 502(a) and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), the results of the tabulation of the properly executed and timely Ballots for the Voting Classes are as follows:

| Class | Accepting | | Rejecting[5] | |
| --- | --- | --- | --- | --- |
| | No. Holders | Amount Held | No. Holders | Amount Held |
| Class 2 – HUD CLAIM AGAINST NEWINGTON AND WEST RIVER | 2 | $14,227,557.23 | 0 | $0.00 |
| Class 3 | 1 | $18,844,905.49 | 0 | $0.00 |
| 5A - ONGOING VENDOR LONG RIDGE | 18 | $741,049.94 | 0 | $0.00 |
| 5B - ONGOING VENDOR NEWINGTON | 22 | $427,283.84 | 0 | $0.00 |
| 5C - ONGOING VENDOR WESTPORT | 13 | $483,839.01 | 0 | $0.00 |
| 5D - ONGOING VENDOR WEST RIVER | 16 | $621,589.95 | 0 | $0.00 |
| 5E - ONGOING VENDOR DANBURY | 26 | $378,480.39 | 0 | $0.00 |
| 6A - GENERAL UNSECURED LONG RIDGE | 3 | $15,447.26 | 3 | $21,828.21 |
| 6B - GENERAL UNSECURED NEWINGTON | 6 | $20,243.90 | 2 | $38,305.28 |
| 6C - GENERAL UNSECURED WESTPORT | 3 | $305.69 | 1 | $157.48 |
| 6D - GENERAL UNSECURED WEST RIVER | 4 | $5,390.74 | 1 | $2,777.05 |
| 6E - GENERAL UNSECURED DANBURY | 4 | $16,303.28 | 1 | $8,398.66 |

20. The results of the tabulation of the properly executed and timely Ballots for the Voting Classes excluding insiders[6] (as defined in Bankruptcy Code section 101(31)), are exactly the same as in the chart above, as upon information and belief, no insiders cast a Ballot.

---

[5] Logan calculated the NLRB amounts in Class 6A ($12,673,66), 6B ($19,906.72), 6C ($157.48), 6D ($2,777.05) and 6E ($8,398.66) based on the total voted amounts in each Class 6 subclass. The NLRB amounts calculated based on total claims, not total voted claims, in each subclass as of the Voting Record Date are as follows: Class 6A $522,400.41, Class 6B $358,181.77, Class 6C $341,511.73, Class 6D $463,163.26, and Class 6E $352,211.19. With either calculation, all the Class 6 subclasses are rejected.

[6] The identification of insiders is based upon a review of each Debtor's Statement of Financial Affairs and the information provided by counsel for the Debtors.

6

21. Based on the tabulation results, the Voting Classes have accepted the Plan in the following percentages:

| Class | Percentage Accepting | |
|---|---|---|
| | No. Holders (Must be more than one-half) | Amount Held (must be at least two-thirds) |
| Class 2 – HUD CLAIM AGAINST NEWINGTON AND WEST RIVER | 100 | 100 |
| Class 3 | 100 | 100 |
| 3E - M&T DANBURY | 100 | 100 |
| 5A - ONGOING VENDOR LONG RIDGE | 100 | 100 |
| 5B - ONGOING VENDOR NEWINGTON | 100 | 100 |
| 5C - ONGOING VENDOR WESTPORT | 100 | 100 |
| 5D - ONGOING VENDOR WEST RIVER | 100 | 100 |
| 5E - ONGOING VENDOR DANBURY | 100 | 100 |
| 6A - GENERAL UNSECURED LONG RIDGE | 50 | 41.44 |
| 6B - GENERAL UNSECURED NEWINGTON | 75 | 34.58 |
| 6C - GENERAL UNSECURED WESTPORT | 75 | 66 |
| 6D - GENERAL UNSECURED WEST RIVER | 80 | 66 |
| 6E - GENERAL UNSECURED DANBURY | 80 | 66 |

22. Annexed as Exhibit A and made a part hereof is a schedule of invalid Ballots and the reason each Ballot is invalid.

23. I certify that Logan retains the voted Ballots and, upon request of the Court, the Debtors, the Committee, and/or the Office of the United States Trustee, copies of such Ballots shall be provided. I further certify that the summary reports included herein are accurate summaries of all Voting Classes and all qualified Ballots voted within such classes by holders of allowed claims.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   February 6, 2014
         Upper Montclair, New Jersey

_Kathleen M. Logan, President_

# Exhibit A

# EXHIBIT A
## LOGAN & COMPANY, INC. VOTE CERTIFICATION

| CREDITOR NAME | VOTE | REASON FOR BEING INVALID |
|---|---|---|
| ANDERSON, ROBERT | ACCEPT | LATE BALLOT |
| BALSANO, JOSEPH A MD | ACCEPT | LATE BALLOT |
| BATTCOR MUSIC LLC | ACCEPT | DUPLICATE BALLOT |
| BATTER, JEFF | ACCEPT | DUPLICATE BALLOT |
| CERTIFIED LANGUAGES INT'L LLC | ACCEPT | NOT ENTITLED TO VOTE |
| COLLABORATIVE LABORATORY SERVICES | ACCEPT | DUPLICATE BALLOT |
| DAVID J BURKE & ASSOCIATES | ACCEPT | DUPLICATE BALLOT |
| EPSTEIN BECKER & GREEN PC | ACCEPT | NOT ENTITLED TO VOTE |
| JOERNS HEALTHCARE LLC | ACCEPT | NOT ENTITLED TO VOTE |
| JOERNS HEALTHCARE LLC | ACCEPT | NOT ENTITLED TO VOTE |
| JOERNS HEALTHCARE LLC | ACCEPT | NOT ENTITLED TO VOTE |
| M&T BANK | REJECT | AMENDED BY SUPERCEDING BALLOT |
| MED PASS, INC | ACCEPT | LATE AND DUPLICATE BALLOT |
| MED PASS, INC | ACCEPT | LATE AND DUPLICATE BALLOT |
| MED PASS, INC | ACCEPT | LATE AND DUPLICATE BALLOT |
| MED PASS, INC | ACCEPT | LATE AND DUPLICATE BALLOT |
| TOWN OF ROCKY HILL POLICE DEPT | ACCEPT | NOT ENTITLED TO VOTE |
| VASSOR, SUSAN | REJECT | NOT ENTITLED TO VOTE |