NOT FOR PUBLICATION

**FILED**
JAMES J. WALDRON, CLERK

**APRIL 24, 2014**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: 13-13653 (DHS) |
| **710 LONG RIDGE ROAD OPERATING COMPANY, II, LLC, et al.,** | Judge: Donald H. Steckroth, U.S.B.J. |
| Debtors. | |

**OPINION**

**APPEARANCES:**

National Labor Relations Board
Special Litigation Branch
Abby Propis Simms, Esq.
Nancy E. Kessler Platt, Esq.
Dawn L Goldstein, Esq.
Paul Thomas, Esq.
1099 14th Street, NW, Suite 8600
Washington, D.C.  20570
*Counsel for National Labor Relations Board*


Cole Schotz Meisel Forman & Leonard, P.A.
Michael D. Sirota, Esq.
Gerald H. Gline, Esq.
David M. Bass, Esq.
Ryan T. Jareck, Esq.
25 Main Street
Hackensack, New Jersey  07601
*Counsel for Debtors*


Okin Hollander & DeLuca, L.L.P.
Paul S. Hollander, Esq.
Margreta M. Morgulas, Esq.
One Parker Plaza
400 Kelby Street
Fort Lee, New Jersey  07024
*Counsel for Healthbridge Management, LLC*


Gibbons, P.C.
Michael Griffinger, Esq.
One Gateway Center
Newark, New Jersey  07102
*Counsel for Care Realty, LLC*


Critchley Kinum & Vazquez LLC
Michael Critchley, Esq.
75 Livingston Avenue
Roseland, New Jersey  07068
*Counsel for Care One LLC*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

The National Labor Relations Board ("NLRB") has filed a motion asking this Court to clarify its Opinion dated March 5, 2014 and Order dated March 6, 2014 confirming the Debtors'[1] First Amended Joint Plan of Reorganization (the "Confirmation Order") (hereinafter the "Motion"). The Motion was filed pursuant to Federal Rule of Bankruptcy Procedure 9024 (incorporating Federal Rule of Civil Procedure 60) and Article VIII(f) of the First Amended Joint Plan of Reorganization. (*See* NLRB's Mem. of Law in Supp. of Mot. for Clarification of this Ct.'s Op. and Order Confirming Debtors' First Amended Joint Plan of Reorganization ("NLRB's Mem. of Law") 2 n.3). The Motion states that it requests this clarification in order to address a latent ambiguity in the Order which it now contends has become patent, mainly, the effect of the Confirmation Order's third-party release on the NLRB's case against Care One Realty, LLC, Care One LLC, and Healthbridge Management, LLC (collectively the "Affiliates"). The NLRB requests that the Court clarify its previous Confirmation Order to confirm that it does not limit the NLRB's jurisdiction to find the Affiliates to be joint or single employees with the Debtors and to order prospective injunctive relief against the Affiliates in the unfair labor practice proceedings. (NLRB's Mem. of Law 2). Simply stated, the NLRB requests that the Order be "clarified" to indicate that nothing in the Plan or the Court's Confirmation Order shall operate to prevent the NLRB from continuing its administrative case against the Affiliates in order to find them to be a single integrated enterprise and/or joint employer with the Debtors, nor shall the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: 710 Long Ridge Road Operating Company II, LLC d/b/a Long Ridge of Stamford (4809), 240 Church Street Operating Company II, LLC d/b/a Newington Health Care Center (4730), 1 Burr Road Operating Company II, LLC d/b/a Westport Health Care Center (4839), 245 Orange Avenue Operating Company II, LLC d/b/a West River Health Care Center (4716), and 107 Osborne Street Operating Company II, LLC d/b/a Danbury Health Care Center (4676).

3

Confirmation Order operate to prevent the NLRB from obtaining prospective injunctive relief. (*See* NLRB's Mem. of Law 6).

The Motion is opposed by the joint response of the Debtors and Affiliates. They initially argue that the NLRB's appeal of the Court's Confirmation Order was a jurisdictionally significant event that precludes this Court's consideration of a request to reconsider or modify the provisions that are the subject of the NLRB's appeal, which is presently pending before the United States District Court for the District of New Jersey. Both the NLRB and the New England Health Care Employees Union, District 1199, S.E.I.U. (the "Union") have challenged the Plan's confirmation and, among other things, specifically this Court's approval of the third-party releases and injunction in the Plan, as approved by the Confirmation Order. They reason "[t]he substance of the NLRB's Motion – which purports to seek 'clarification' as to the scope of the third-party releases and the injunction – is interrelated to the NLRB's appeal on those issues and, as a result, this Court is without jurisdiction to entertain the Motion." (*See* Debtors' and Released Parties' Joint Resp. to NLRB's Mot. for Clarification of Op. and Order from Debtors' First Amended Joint Plan of Reorganization ("Joint Response") 3). Thus, it is argued that under the Rule of Concurrent Jurisdiction, this Court is divested of jurisdiction to hear the Motion.

The Joint Response further argues that assuming *arguendo* this Court has jurisdiction, it should determine that the NLRB is enjoined under the Confirmation Order and Section 9.4 of the Plan from pursuing claims of joint or single employer status in the ALJ Proceedings in the NLRB's effort to hold the Affiliates liable for the Debtors' alleged back pay liability.[2] The Joint Response points out that the Second Non-Material Modifications to the Plan clarified that the

---

[2] The Plan defines "ALJ Proceedings" as those various proceedings pending before the NLRB and presided over by an Administrative Law Judge, including the following matters: Case Nos. 34-CA-12715, 34-CA-12732, 34-CA-12765, 34-CA-12766, 34-CA-12768, 34-CA-12769, 34-CA-12770, 34-CA-12771, 34-CA-070823, 34-CA-072875, 34-CA-075226, 34-CA-08335, 34-CA-08471, 34-CA-073303, AND 34-CA-080215.

4

injunction under Section 9.4 of the Plan was not intended to limit or enjoin the NLRB's rights to fix a claim against any Affiliate in the ALJ Proceedings. They assert prosecuting claims against the Debtors and the Affiliates pertaining to alleged joint or single employer status is not necessary to the NLRB's prosecution of its unfair labor practice claims against the Debtors for the purpose of fixing the NLRB's claims against the Debtors and their receipt of distributions under the Debtors' Plan. (*See* Joint Resp. 4).

The factual background and circumstances leading to the Plan and Confirmation Order are set forth in the Court's Opinion confirming the Plan and in the several Opinions and Orders authored by this Court authorizing modification to the Debtors' Collective Bargaining Agreements under 11 U.S.C. Sections 1113(e) and (c).[3] That being said, the factual background and circumstances will not be repeated herein at length.

The relevant facts precipitating the Motion center around the issuance by the NLRB of nine subpoenas seeking testimony from current and former representatives of the Affiliates as well as several subpoenas to banks and financial institutions for the production of the Affiliates' bank records, financial statements, income tax returns, and other financial information. (Joint Resp. 3-4). There seems to be no dispute that the subpoenas were issued with the intent of obtaining information and documents to aid the NLRB's litigation of its joint and single employer claims with respect to the Affiliates, which the Joint Response contends is an effort to end run the very relief granted to the Affiliates in the Plan and Confirmation Order, through the releases and injunction.

In response to the subpoenas, counsel for the Affiliates sent a letter to the NLRB advising the NLRB that it is enjoined from issuing the subpoenas under the Confirmation Order and Plan,

---

[3] All such Opinions and Orders, including the Confirmation Order, have been appealed by the NLRB and Union and are currently before the district court. All stays pending appeal have been denied.

and, absent withdrawal of the same, the Affiliates intended to move for contempt of the Confirmation Order before this Court. (*See* Decl. of Paul S. Hollander in Supp. of Joint Resp. ¶ 3, Ex. A).  The NLRB acknowledges that it filed the within Motion thereafter arguing ambiguity in the Order.[4]  The NLRB's concern with a latent ambiguity in the Order belies what actually occurred with respect to that Order.  A form of order was filed prior to the commencement of the two-day confirmation hearing and no objection was ever raised to the form of order by the NLRB.  After this Court's Opinion, the Debtors were directed to prepare a proposed amended form of order, consistent with the Opinion requiring the removal of certain individuals from the parties granted releases and an injunction under the Confirmation Plan, and again no objection to the provisions of the Confirmation Order, now claimed to be ambiguous, were raised by the NLRB or Union prior to its entry.

## DISCUSSION

The threshold issue to be considered is whether this Court has jurisdiction to decide the Motion seeking the relief sought by the NLRB.  While it may be inviting to again address and elaborate upon the releases and injunction sought and obtained by the Debtors in the First Amended Joint Plan of Reorganization, the Court is required to determine initially whether it has jurisdiction to consider the Motion.

The general rule provides that the filing of a notice of appeal immediately divests a trial court of its control over those aspects of the case involved in the appeal, and confers jurisdiction on the appellate court. *See Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982);

---

[4] It is difficult to understand the NLRB's confusion regarding the scope of the releases in question when, in the Court's recollection of the confirmation hearing and the period prior to entry of the Confirmation Order, there was no meaningful discussion concerning an exception, carve-out, or limitation to the releases being proposed for the Affiliates and the Individuals under the Plan.  Certainly, the NLRB and Union opposed the third-party releases in the Plan and that issue is on appeal.  However, any limitation to the breadth of the releases would have been discussed in the Court's Opinion had it been a debatable issue during the hearing.

6

*Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985); *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980) (there is a general rule in the Third Circuit that "the trial court is divested of jurisdiction over a case when a notice of appeal is filed"); *In re Sacred Heart Hosp. of Norristown*, 204 B.R. 132, 142-43 (E.D. Pa. 1997) *aff'd*, 133 F.3d 237 (3d Cir. 1998) ("Normally, once a party files a proper notice of appeal, a lower court is automatically divested of jurisdiction over the lawsuit").

The function of the divestiture rule is "to prevent interference from the lower court while the appeal is pending and to conserve judicial resources by having only one court at a time review issues." *Sacred Heart Hosp.*, 204 B.R. at 143; *see also Whispering Pines,* 369 B.R. 752, 759 (B.A.P. 1st Cir. 2007) ("[O]nce an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process."). Thus, a court cannot take action that will alter or modify its prior order while that order is pending on appeal. *See In re G-I Holdings, Inc.*, 472 B.R. 263, 281 (Bankr. D.N.J. 2012) (noting courts do not have jurisdiction to modify orders, particularly when the movant is attempting to relitigate issues previously before the court); *In re Southold Dev. Corp.*, 129 B.R. 18, 21 (E.D.N.Y. 1991) (noting district court's reversal of a bankruptcy court's decision to allow the debtor to modify its confirmed plan while the creditor's appeal of the order confirming plan was pending, finding that the court had no jurisdiction to so modify the plan").

The NLRB's predicate for the relief requested on the Motion, Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates by reference Rule 60(a) of the Rules of Civil Procedure, does not support a clarification of an order (the Rule actually refers to corrections for clerical mistakes, oversights, and admissions) and specifically does not permit changes of any

7

kind in an order if an appeal has been docketed and while it is pending without specific leave of the appellate court. Fed. R. Civ. P. 60(a); *see*, *e.g., Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 949-50 (8th Cir. 2012).

Moreover, even if this Court were to conclude "clarification" is necessary, the clarification requested addresses the non-debtor releases given to the Affiliates under the Plan and Confirmation Order which is in very large measure a critical issue on appeal to the district court. Thus, the requested "clarification" deals directly with the breadth and scope of the injunction and release provisions in the Plan which are subject to attack by the NLRB and Union in their appeal. Attempts to relitigate issues while they are on appeal are not appropriate.

The NLRB cites to three cases for the proposition that a bankruptcy court has discretionary authority to review and clarify its own orders pursuant to its inherent, equitable power. *See, e.g.*, *Rodriguez v. EMC Mortgage Corp.* (*In re Rodriguez*), 2001 WL 360713, at *2 (5th Cir. 2001) (quoting *In re Terracor*, 86 B.R. 671, 677 (D. Utah 1988)); *G-I Holdings,* 472 B.R. at 279. Each of these cases is distinguishable and none discuss the loss of jurisdiction while an order is on appeal.

In *Rodriguez*, 2001 WL 360713, at *2, the Fifth Circuit was addressing whether the bankruptcy court below could review and clarify the effect of its discharge order. The Court held that because the bankrupt estate was open at the time of the motion to clarify, the bankruptcy court retained jurisdiction to interpret and enforce its own orders to ensure their proper execution. *Rodriguez* is not supportive of this Court's continuing jurisdiction, as suggested by the NLRB, since the discharge order was not on appeal when the motion to clarify was filed in the bankruptcy court. *Id.* at *1.

8

In *Terracor*, 86 B.R. at 675, the court held that the jurisdiction of the bankruptcy court to resolve post-confirmation plan issues continues until the Chapter 11 case is closed. The court noted that jurisdiction extends over post-confirmation proceedings regarding rights arising under a confirmed plan and that jurisdiction is conferred on bankruptcy courts to resolve post-confirmation matters under 11 U.S.C. § 1142(b). *Id.* (citations omitted). Significantly, however, the confirmation order was not subject to a docketed appeal as in the case *sub judice*, and the court actually held abstention was appropriate because the dispute did not concern the debtor and it could be resolved according to state law. As such, it is factually far afield from the issue before the Court.

In *G-I Holdings,* 472 B.R. at 279, the bankruptcy court held it had jurisdiction to clarify its order regarding the allowance of a proof of claim, noting that the movant was not attempting to relitigate issues previously before the court. This case did not deal with clarifying the effect of a confirmation order, and the order was not on appeal. *Id.* at 280.

The NLRB also asserts that while a notice of appeal from a final order generally deprives a lower court of jurisdiction over the subject of appeal, a bankruptcy court retains authority to consider a request while an appeal is pending so long as the lower court is not altering the appealed order. *In re Washington Mutual, Inc.* 461 B.R. 200, 217-18 (Bankr. D. Del. 2011).

Neither *Washington Mutual* nor *Whispering Pines,* 369 B.R. at 758, which the *Washington Mutual* court relies on, is a declaration of the bankruptcy court's unqualified retention of jurisdiction over orders on appeal. While the *Whispering Pines* court states that it believes the divestiture rule is too broad, and "[a]s a result, some bankruptcy courts have determined that they do retain jurisdiction over matters presented subsequent to an appeal *where the appeal concerns unrelated aspects of the case,*" the court also noted that "once an appeal is

9

pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process." *Whispering Pines* 369 B.R. at 758-59 (emphasis added).

Specifically, the *Washington Mutual* Plan was not confirmed and the court was presented with the issue of whether it had jurisdiction to enter a final order on confirmation. The holders of trust preferred securities ("TPS") argued that the bankruptcy court was divested of jurisdiction to enter a final confirmation order because they appealed the court's prior ruling that certain holders of the TPS no longer had any interest in the TPS because those interests had been converted to interest in preferred stock of the debtor. *See Washington Mut.*, 461 B.R. at 220 ("in considering confirmation of the Modified Plan, the Court is not being asked to modify the order that is on appeal (which held that the Debtors own the TPS). Rather, the Court is being asked to enforce its order by approving the Modified Plan that provides for the transfer or sale of the TPS by the Debtors to JPMC as part of the [global settlement agreement]. Therefore, the Court concludes that it has jurisdiction to consider confirmation of the Modified Plan, including the transfer of the TPS, notwithstanding the pendency of an appeal from its prior order determining that the Debtors own them.") Thus, the confirmation order in *Washington Mutual* was not entered when the court considered the jurisdictional issue, and the order on appeal was essentially being enforced, not modified.

Finally, the NLRB cites to *United States v. Viola*, 2014 WL 503069, at *2 (2d Cir. Feb. 10, 2014) and *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 589 (6th Cir.1987) for the proposition that lower courts are permitted to clarify their own orders that are pending appeal. In *Viola,* the district court merely clarified to whom restitution should be paid, which did not

10

substantively modify the judgment or prejudice Viola in any way. *Viola*, 2014 WL 503069, at *2. In *Cincinnati Bronze*, the Sixth Circuit stated that "[a]lthough a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment." 829 F.2d at 588. The court further noted it had no jurisdiction to alter or enlarge a judgment. *Id*. Neither case supports the action the NLRB asks this court to perform.

In its reply, the NLRB further suggests the Court's jurisdiction can be found under Section 105 (Powers of the Court) and the jurisdiction and retention provision of the Plan. 11 U.S.C. § 105; (*see* Plan, Article VIII). Section 105 is an often used, and as often misused, provision authorizing the Bankruptcy Court to issue "[a]ny order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." While this section is often a basis for the broad exercise of equitable power, the Supreme Court has stated that the bankruptcy court's jurisdiction "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206 (1988). It is well clarified that "courts may not use their Section 105(a) powers to authorize any relief that is prohibited by another provision of the Code." *In re Cybridge* Corp., 312 B.R. 262, 269 (D.N.J. 2004) (citing *In re Transit Group, Inc.,* 286 B.R. 811, 815-16 (Bankr. M.D. Fla. 2002)) (internal quotations omitted). Here, Section 105's applicability is misplaced in light of the docketed appeal and does not confer jurisdiction upon this Court to act as suggested by the NLRB.

Moreover, Article VIII(f) of the Plan states that the Court retains jurisdiction "to consider any amendments to or modifications of the Plan, to cure any defect or omission, or reconcile any inconsistency in any Order of the Bankruptcy Court, including, without limitation, the Confirmation Order." The intention of such a provision contained in most plans of reorganization is to provide the court with continuing jurisdiction over the plan and its

11

enforcement. Absent an appeal of the confirmation order, this clause continues the court's jurisdiction over the plan and orders relative thereto. Once an appeal has been docketed, however, the Court does not believe it can modify or clarify its Confirmation Order because jurisdiction at that point lies in the appellate court. Again, the NLRB's reliance on such provision is misplaced.

Based on controlling precedent, the Court must conclude it is without jurisdiction to address the Motion. For the foregoing reasons, the Motion is denied for lack of jurisdiction.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

s/ *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: April 24, 2014